IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN LISS, | ) |
|        Plaintiff, | ) |
| vs. | ) CIVIL NO. |
| TMS INTERNATIONAL, LLC | ) |
|        Defendant. | ) |

**COMPLAINT**

Plaintiff, Steven Liss, through his attorneys, Darr Law Offices, Ltd., complains of the defendant, TMS International, LLC, ("TMS") as follows:

**COUNT I**

1. Plaintiff is a resident and citizen of the State of Illinois.

2. Upon information and belief, and at all times relevant herein, defendant, TMS International, LLC, (TMS) is and was a foreign corporation doing business in Madison County, Illinois. It operates, controls and/or owns the property where plaintiff was injured, which is more particularly described as 2500 E. 23rd St., Granite City, Illinois.

3. This court has jurisdiction over this matter in accordance with 28 USC 1332(a)(1) inasmuch as the parties are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

4. TMS is in the business of purchasing and acquiring scrap metal for use by and sale to steel plants, including those in the Granite City, Illinois vicinity. The scrap is obtained through commercial delivery by third party transport companies such as the plaintiff's employer.

5. On or about February 7, 2019, the plaintiff was lawfully on defendant's premises, as part of his employment as a scrap metal delivery driver for Supreme Trucking & Excavating, LLC ("Supreme"). Supreme is located in Madison County, Illinois. The load of scrap plaintiff was delivering was picked up for delivery from United Scrap Metal (USM) located in LeMay, Missouri.

6. On the aforementioned date, plaintiff was directed by his employer to pick up a load of scrap at USM's yard on Webber Road in LeMay, Missouri and deliver it to the defendant's property in Granite City, Illinois. Under normal circumstances, and past experiences, the plaintiff was to drive his load on to the defendant's property, "scale his truck" while loaded, then dump his trailer of scrap in an area designated by defendant's employees. This was done by using the dump feature of his trailer. Plaintiff would then return his truck to the defendant's scales to have his tractor and trailer weighed while empty. This process generally required delivery drivers such as plaintiff to exit their truck on two (2) occasions to interact with the defendant's office staff occupying a building near the scales.

7. As was the custom, practice and direction, on February 7, 2019, plaintiff drove his tractor and trailer from Lemay, Missouri to the defendant's property so as to be weighed while loaded (scaled) prior to driving to the dedicated area for unloading (dumping) of the scrap.

8. That on the aforementioned date, the defendant's property was flooded due to rain and/or poorly managed water run-off. Unknown to plaintiff, and due to these flood conditions, on February 7, 2019 the scales were not operational and defendant was not accepting scrap deliveries. Unsure of what was expected or required of him

under the circumstances, plaintiff exited the cab of his truck and walked through the flood water to enter the defendant's office to discuss the situation with staff. Plaintiff entered the office and was told the scales were closed due to the standing water and defendant would not accept his load. Plaintiff then attempted to return to his truck, walking through the same standing water, attempting to avoid the deepest parts.

9. While attempting to return to his truck, plaintiff stepped in a hole or encountered uneven terrain that was concealed by the water. This concealed condition caused plaintiff to turn his right ankle and fall to the ground. As plaintiff fell to the ground he struck his head.

10. That at all times mentioned herein, defendant, TMS, owed a duty to keep the subject premises in a reasonably safe condition for the use of persons on its property and to warn such individuals of any dangerous conditions existing on or about these premises, of which it knew or should have known.

11. On and before February 7, 2019, defendant breached the aforementioned duty (duties) by way of one or more of the following negligent acts and/or omissions:

    a. failed to maintain a flat, stable walkway for entry and exit from the scaling building; and/or

    b. failed to warn USM and/or Supreme Trucking that its property was flooded and unable to accept scrap; and/or

    c. failed to provide safe ingress and egress to its visitors under the environmental conditions that existed; and/or

    d. failed to provide a safe work space; and/or

    e. failed to barricade entry to the site by closing the gates so as to eliminate driver's contact with the flood conditions; and/or

    f. failed to maintain proper drainage and water control on its property; and/or

g. failed to create, and/or enforce appropriate protocols, rules and/or procedures for its employees to follow that would ensure plaintiff and other visitors would have safe ingress/egress to and from the parking area.

12. That as a direct and proximate result of one or more of the aforementioned acts of negligence by the defendant, plaintiff fell, fractured his right tibia and fibula and suffered a head injury.

13. That as a result of the aforementioned occurrence, plaintiff did suffer pain and disability, including amputation of portions of his right foot. Plaintiff will remain disabled throughout his lifetime.

14. That Plaintiff has incurred hospital and medical expenses in an effort to be healed of his injuries and he is likely to incur medical and hospital expenses in the future.

15. Plaintiff has lost wages as a result of this occurrence and he is likely to lose wages in the future.

WHEREFORE, Plaintiff, Steven Liss, prays for judgment against the defendant, TMS International, LLC, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus costs of suit.

        Steven Liss, Plaintiff

By:   /s/ Lanny Darr
      Lanny Darr   (#06205283)
      Darr Law Offices, Ltd.
      307 Henry Street, Suite 406
      Alton, IL 62002
      Phone: (618) 208-6828
      Fax: (618) 433-8519
      darr@darrfirm.com