**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| STEVEN LISS, | ) |
|                 Plaintiff, | ) ) ) |
| v. | )    Case No.: 3:19-cv-00810-NJR-GCS |
| TMS INTERNATIONAL, INC., | ) ) ) |
|                 Defendant. | ) ) |
| TMS INTERNATIONAL, INC., | ) ) ) |
|                 Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| SUPREME TRUCKING & EXCAVATING, LLC and UNITED SCRAP METAL, INC., | ) ) ) ) |
|                 Third-Party Defendants. | ) |

**DEFENDANT TMS INTERNATIONAL, INC.'S THIRD-PARTY COMPLAINT**

Defendant/Third-Party Plaintiff, TMS INTERNATIONAL, INC., by and through its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, submits its Third-Party Complaint against Supreme Trucking & Excavating, LLC and United Scrap Metal, Inc., and states as follows:

**PARTIES**

1. Upon information and belief, Plaintiff is a resident and citizen of the State of Illinois.

2. At all relevant times, Defendant/Third-Party Plaintiff, TMS International, Inc. ("TMS") is and was a Delaware corporation doing business in Madison County, Illinois with its principal place of business in Glassport, Pennsylvania.

3. At all relevant times, Third-Party Defendant, Supreme Trucking & Excavating, LLC ("Supreme") is and was an Illinois corporation doing business in Madison County, Illinois with its principal place of business in Roxana, Illinois.

4. At all relevant times, Third-Party Defendant, United Scrap Metal, Inc. ("USM") is and was an Illinois corporation doing business in LeMay, Missouri with its principal place of business in Cicero, Illinois.

## JURISDICTION

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), with diversity between Plaintiff and TMS, and the amount in controversy exceeding $75,000.00.

6. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a), as the claims contained in this Third-Party Complaint are so related to the claim in the original action that they form part of the same case or controversy.

## GENERAL ALLEGATIONS

7. Upon information and belief, at all relevant times, Plaintiff was employed by Supreme as a scrap metal delivery driver.

8. On or about January 2, 2019, USM entered into two purchase orders with TMS in which USM agreed to ship scrap metal to TMS at a facility located at 2500 East 23rd Street, Granite City, Illinois 62040 (the "Granite City Facility" or the "Facility").

9. To abide by the purchase orders, USM hired Supreme to complete the delivery.

10. On or about February 7, 2019, Plaintiff, as part of his employment with Supreme, was delivering a load of scrap metal pursuant to these purchase orders between TMS and USM.

11. Plaintiff picked up the load at a USM facility located on LeMay, Missouri and drove to the Granite City Facility. Plaintiff had delivered loads to the Granite City Facility in the past.

12. When Plaintiff arrived at the Granite City Facility, he saw that the Facility had been closed due to flooding.

13. Despite the open and obvious flooded condition of the Facility, Plaintiff drove his truck into the Facility, exited his vehicle without wearing necessary safety gear, and walked across the Facility into the office located on the property.

14. Upon confirming that the Facility was closed, Plaintiff exited the office to return to his truck. While walking across the Facility, Plaintiff fell and was injured.

## COUNT I
## Supreme – Contribution for Negligent Training and Supervision

15. Defendant/Third-Party Plaintiff repeats and realleges the allegations contained in Paragraphs 1-13.

16. As Plaintiff's employer, Supreme had a duty to exercise reasonable care in the training and supervision of Plaintiff.

17. At the time of the occurrence, Supreme breached that duty and was then and there guilty of one or more of the following acts or omissions:

   a. Carelessly and negligently failing to supervise Plaintiff's delivery;

   b. Improperly training and instructing Plaintiff about wearing safety gear when exiting his vehicle on site;

   c. Failing to train and instruct Plaintiff to wear safety gear when exiting his vehicle on site;

   d. Improperly training and instructing Plaintiff about appropriate protocol when a delivery facility is closed; and

   e. Failing to train and instruct Plaintiff about appropriate protocol when a delivery facility is closed.

18.     In the exercise of ordinary care, Supreme knew or should have known that Plaintiff had not been properly trained and was not properly supervised with regard to the delivery on February 7, 2019.

19.     In the event Plaintiff was injured, said injuries are directly and proximately caused by one or more of the aforementioned careless and negligent acts and/or omissions of Supreme.

20.     If TMS is found to be liable to Plaintiff, which liability has been expressly denied, TMS is entitled to contribution from Supreme in the amount of any judgment entered against it in excess of its *pro rata* share of said liability, pursuant to 740 ILCS 100/1, *et seq.*

WHEREFORE, Defendant/Third-Party Plaintiff, TMS International, Inc. prays that if Plaintiff recovers a judgment against it, then Third-Party Defendant, Supreme is liable for contribution in such an amount as is commensurate with the relative degree of fault attributable to Supreme in causing damages and injuries to Plaintiff.

## COUNT II

### USM – Contribution for Negligent Retention

21.     Defendant/Third Party Plaintiff repeats and realleges the allegations contained in Paragraphs 1-13.

22.     USM had a duty to exercise reasonable care when retaining Supreme to complete the delivery at the Granite City Facility.

23.     At the time of the occurrence, USM breached that duty and was then and there guilty of one or more of the following acts or omissions:

   a. Carelessly and negligently hiring a company that does not train its employees to make a delivery at the Granite City Facility; and

   b. Carelessly and negligently hiring a company that does not supervise its employees to make a delivery at the Granite City Facility.

24. In the exercise of ordinary care, USM knew or should have known that Supreme did not properly train and supervise its employees.

25. In the event Plaintiff was injured, said injuries are directly and proximately caused by one or more of the aforementioned careless and negligent acts and/or omissions of USM.

26. If TMS is found to be liable to Plaintiff, which liability has been expressly denied, TMS is entitled to contribution from Supreme in the amount of any judgment entered against it in excess of its *pro rata* share of said liability, pursuant to 740 ILCS 100/1, *et seq.*

WHEREFORE, Defendant/Third-Party Plaintiff, TMS International, Inc. prays that if Plaintiff recovers a judgment against it, then Third-Party Defendant, USM is liable for contribution in such an amount as is commensurate with the relative degree of fault attributable to USM in causing damages and injuries to Plaintiff.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/Siobhán M. Murphy
One of the Attorneys for Defendant/
Third-Party Plaintiff,
TMS INTERNATIONAL, INC.

Danny L. Worker (ARDC No. 6195554)
Siobhán M. Murphy (ARDC No. 6207431)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: (312) 345-1718
F: (312) 345-1778
Dan.Worker@lewisbrisbois.com
Siobhan.Murphy@lewisbrisbois.com

**CERTIFICATE OF SERVICE**

TO:    Lanny H. Darr, II
Darr Law Offices, Ltd.
307 Henry Street, Suite 406
Alton, IL  62002
ldarr@darrfirm.com

    I, Siobhán M. Murphy, hereby certify that on **March 10, 2020**, I electronically filed the foregoing document, **Defendant/Third Party Plaintiff's Third-Party Complaint**, with the Clerk of the Court for the U.S. District-Southern District of Illinois, using the Court's CM/ECF System, which will send notification and a copy of such filing to all parties of record via email. Non CM/ECF participants will receive a true and correct copy of such filing via U.S. First Class Mail.

    /s/Siobhán M. Murphy