IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN LISS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CIVIL NO. 3:19-CV-00810 |
| TMS INTERNATIONAL, LLC | ) ) ) |
| Defendant. | ) ) |

### PLAINTIFF'S SECOND MOTION IN LIMINE SEEKING TO BAR TESTIMONY OF ANGELA LEVITAN

INTRODUCTION:

This motion is brought pursuant to Federal Rules of Evidence 401, 402, 403, 702, and the principles articulated in **Daubert v. Merrell Dow 509 US 579 (1993)**. Plaintiff seeks to bar the testimony of TMS' retained witness, Angela Levitan, PhD., to the extent she attempts to opine as to the mechanism of plaintiff's injury and to the extent she seeks to contradict the plaintiff's eyewitness testimony. Specifically, Ms. Levitan seeks to testify that plaintiff's scalp was lacerated when he raised his head while ducking under a lateral support. Plaintiff contends he broke his leg, fell forward and hit his head on the cross-support. Her opinions are speculative, not based on scientific principles and largely irrelevant. To permit her to testify based on conjecture and speculation will be unduly prejudiced to the plaintiff.

The Illinois Supreme Court adopted Federal Rule of Evidence 703 in **Wilson v Clark 84 Ill. 2d 186, 417 NE 2d 1322 (1981)**. Since that time, Illinois Courts have addressed whether an expert can contradict eyewitness testimony mostly in the context of accident reconstruction testimony. Those attempts have resulted in a mix of

holdings.  See **Allstate v. Sunbeam 865 F. Supp. 1267 (N.D. Ill .1994)**.  But here it is clear that Levitan is not trained in the science of accident reconstruction yet that is what she attempted to do as part of her opinions.  Her opinion that Liss' injury possibly occurred differently than he described is irrelevant and must be barred.

If the basis for an expert's opinion includes so many varying or uncertain factors that she is required to guess or speculate to reach a conclusion, the expert's opinion is unreliable.  **Caldwell v. Advocate Condell Medical Center 2017 IL. App. (2d) 160456-U, 87 N.E. 3d 1020 (Ill. App. 2017)** citing **Modelski v. Novister International Transportation Corp., 302 Ill. App. 879, 885, 707 NE 2d 239 (1999); First Midwest Trust Co. v. Rogers 296 Ill. App. 3d 416 (1998)**.

Levitan's opinion is irrelevant because she does not contend, and no evidence supports, a conclusion that Liss' striking his head on the support structure occurred *before* his leg broke or that striking the head is in any was relevant to whether TMS negligently maintained its property.  There simply is no evidence to support Levitan's opinion Liss struck his head in an upward movement and her testimony stating the same is absolute guess and conjecture.  Moreover, her opinion in no way affects liability and/or damages.  For this reason, the opinion, even if admissible under 702, it is irrelevant under Fed. R. Evid. 401.  Allowing Levitan to express her alternative theory of head injury will be confusing and misleading to the jury and will waste juror time.  For these reasons it is properly barred under Fed. R. Evid. 403, 401.

The unreliability of witnesses such as Levitan is illuminated by the analysis used in **Robb v. Burlington Northern and Santa Fe Railway Co. 100 F. Supp. 2d 867 (N.D. Ill. 2000)**.  There plaintiff injured his foot while working to switch railcars.  Plaintiff

testified he fell between moving cars and injured his foot.  The railroad attempted to introduce expert testimony that the foot injury occurred when plaintiff, walking along the rail, put his foot on the track.  No one witnessed either version of the injury.  Defendant disclosed Dr. Schlipper PhD, an engineer that claimed "accident investigation and reconstruction" as his field of expertise.  Schlipper intended to testify the accident could not have occurred as plaintiff claimed because the timing was inconsistent with plaintiff's deposition testimony.  The court refused to allow Schlipper's testimony because the witness did not consider the possibility that plaintiff may have been plausibly wrong about the speed the railcar was traveling as he interacted with it.  Further, the witness did not disclose that his "biomechanical analysis" is testable, subject to peer review or publication; he did not provide an error rate or any evidence to suggest the methodology used was subject to peer review.  Although Schlipper's disclosure contained reference to biomechanics and human factors texts, it was not for any specific propositions.  For all of the reasons Schlipper was barred from testifying are equally applicable to Levitan.

     Levitan is tendered as a human factors engineer and biomechanist.  She is not a physician. She holds no opinions as to the forces or mechanism necessary to cause plaintiff's leg injury.  She also holds no professional license (13:8) but does hold a certification issued by Professional Ergonomics (13:8-24).  She is also not an engineer (14:21-25).  She is not certified or licensed as any type of accident reconstructionist (15:7-17).  But she professes to be qualified to opine on principles of worksite safety (18:12-21).  This is because Levitan obtained a safety certification (non-degree) in 1999 during studies leading to her master's degree (20:4-7).  As to forming her opinion

as to how the injury to Steve Liss occurred, she was limited to reviewing the plaintiff's deposition transcript (24:21-24; 25:5-10). Her opinions rests solely on her interpretation of plaintiff's deposition testimony. She made no site visit and any measurement was done by someone other than her. No other witness claims to have been witness to the fall or injury. (75:12-18). Levitan saw no photographs of Steve's head before it was debrided or before cleaning of the laceration was performed (94:6-17). She also has no idea of Liss' posture at the time of his injury or the height of his head (102:5-14). Specifically, she has no idea if Liss was upright, bent over or stooped when his leg broke. In fact, Levitan stated there are thousands if not millions of ways Steve could have broken his leg and ended up with a head laceration (107:23-25; 108:1-15). As discussed below, her theory that Steve struck his head while raising his head is only a "plausible alternative" mechanism of injury. (86:2-15). In fact, she has no idea what caused Steve to lose his balance and break his leg (107:10-25; 108:1-5). She has no idea if it was an uneven surface, a hole or any other feature that caused a loss of balance resulting in the severe leg fracture. These are important matters for her to know as fact before she is allowed to contradict plaintiff's testimony.

Levitan has not been to the TMS property. (68:1-6). She has very little information as to the extent of flooding at the TMS' property when plaintiff fell. (37:6-25; 38:1-25; 39:1-24). Yet she seeks to testify as to what she deems to be "obvious" observations that should have been made by plaintiff. (51:1-25; 52:1-20). She wants to testify that Steve made unsafe choices leading up to his injury (55:16-25; 56:4-7). These same choices would be applicable, in her opinion, to anyone on the property, (56:8-14). Her opinions as to "obvious choices" are the same as any lay witness would

make and is therefore not scientific under Fed. R. Evid. 702.  Testifying as to the non-scientific "obvious observations" violates the province and role of the jury and must not be allowed.

Levitan's understanding of plaintiff's testimony is that he went under the horizontal bar depicted in exhibit 5 (to the deposition) and as he was walking toward the diagonal bar he tripped broke his leg and fell into the diagonal lateral support lacerating his scalp  (TMS - 0012) and then the fell to the ground (75:19-23).  Based on this information, she seeks to testify that the injuries could not have occurred as described by plaintiff.  (75:24-25; 76:1-6).  She claims the fall described by plaintiff would not result in the laceration to Liss' scalp.  (78:6-25; 79:1-6).  (No tissue or blood was found on any support structure). There is no foundation that she has the expertise to look at a scalp photo and determine which edge of a support structure caused the injury.  As depicted in the photos, this angle iron has three (3) similar edges.  Levitan wants to opine Liss' head struck the bottom edge while raising his head to the exclusion that Liss hit the support while falling forward.

Levitan believes that Liss' head would not have come into contact with the rear edge of the angle iron if he was falling forward. Liss testified he struck the angle iron after his foot twisted on an uneven surface concealed under flood water.  (Liss 36:21-24; 37:1-14).  Levitan ignores Liss' testimony and wants to tell jurors she knows better than plaintiff how his injury occurred.  Based on scant deposition testimony, Levitan believes it is probable Liss struck the bar from below while raising his head (79:1-6; 80:2-18).  In the absence of testimony or evidence to support her testimony, her theory is nothing more than speculation and conjecture.  No medical personnel has testified

how this head laceration occurred and no foundation establishes that Levitan possesses the qualifications to say a photograph of a laceration proves the eye witness is wrong. She takes her unsupported position even though she agrees that the injury to Liss' head was caused by the diagonal support structure (80:19-22; 81:10-18).

The only alleged support for her theory is that she believes the fracture of a tibia/fibula fracture would result in a lateral movement of his center of mass, and not result in a forward falling motion (85:12-20). (A lateral fall is inconsistent with physical evidence and plaintiff's testimony). She believes that the fracture of plaintiff's tibia/fibula would result in a different trajectory of Liss falling, but she cannot say with certainty how he fell. (86:16-25). As Levitan conceded, Liss could have already been on his knees when the injury to his head occurred. (87:22-25; 88:1-6). It is also possible Steve took steps to stabilize himself after his leg was injured but before he struck the support. (96:18-25; 97:1-24). She also agrees how Steve was standing before he was injured would affect the direction of his fall (such as being bent or stooped). (101:21-25; 102:1-8). She has no information as to his posture when he fell. This is because her opinions are based almost solely upon the limited question asked of Steve as to how the accident occurred. (97:15-25; 98:1-17).

Her theory that Steve struck his head while lifting his head is only a "plausible alternative" to Steve's description (86:2-15). She concedes it could also have occurred in a different manner than her suggested alternative, **id**.

The witness has provided no scientific methodology to support or test her theory that Steve's scalp laceration was caused in a manner different than described by plaintiff. She provided no scientific research or testable data to justify her conclusions.

In a complete absence of evidence or testimony to support her opinion, the witness asks us to trust her on this one. Plaintiff is unwilling to do so and her opinions must not be allowed before the jury.

**Wherefore, plaintiff, Steve Liss', motion in limine to bar the opinions of Angela Levitan, PhD is:**

_____ **Allowed**          _____ **Denied**

BY: /s/ Lanny Darr_____
  Lanny Darr #06205283
  Attorney for Plaintiff
  307 Henry Street, Suite 406
  Alton, Illinois 62002
  (618)208-6828
  (618)433-8519 Fax
  darr@darrfirm.com

  Service by facsimile transmission
  or via email will be accepted at the
  stated facsimile and/or email
  stated above.

## CERTIFICATE OF SERVICE

      I hereby certify that on January 10, 2022, I electronically filed the foregoing plaintiff's second motion in limine seeking to bar testimony of Angela Levitan with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Siobhan M. Murphy
Danny L. Worker
Melissa Gardner
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, IL 60661
Siobhan.murphy@lewisbrisbois.com
Dan.worker@lewisbrisbois.com
Melissa.Gardner@lewisbrisbois.com
Attorneys for Defendant TMS International, Inc.

Denise Baker-Seal
John P. Cunningham
Brown & James, P.C.
Richard Plaza I
525 W. Main Street, Suite 200
Belleville, IL 62220-1547
jcunningham@bjpc.com;
smolla@bjpc.com
dseal@bjpc.com; dowens@bjpc.com
Attorneys for Third-Party Defendant Supreme Trucking & Excavating LLC

REBECCA A. CARY
CHILDRESS AHLHEIM CARY LLC
1010 Market Street, Suite 500
St. Louis, MO 63101
rcary@jchildresslaw.com
Attorneys for Third-Party Defendant United Scrap Metal, Inc.

   /s/ Lanny Darr